Good morning, ladies and gentlemen. Our first case for argument this morning is Zhou Jun Xiaojun Liang has arrived in this country in Chicago in 2003, has been living here ever since, and is a mother of three children, 13-year-old. She has a family here, her husband is here, and in 2003 she was issued a defective charging document, and then she was ordered deported later in 2004. She made a motion recently, in 2018, and it was based on the fact that based on the Supreme Court case here, this case should be terminated. At best, it could be repapered, the proceedings could have been started again, so that she would have the required 10 years for filing for cancellation of removal. And she has the qualifying relatives, she has the 10 years, and she's a person of good moral character. Counsel, one of the requirements for this relief is exceptional hardship. The board found that exceptional hardship had not been established, and your brief doesn't even discuss that issue. What is the consequence of that forfeiture? What we believe that we submitted documents and arguments in the motion to reopen to the Board of Communications and Appeals, and which establishes the prima facie eligibility for Have I missed something in your brief? Is there a place in your brief where you address the board's resolution of that issue? Not in details. We rested on the record. You cannot rest on documents submitted someplace else. If you think the board has made a legal error, you have to put that in your brief. So I ask again, have I missed something? Is this in your brief, after all? We thought the first, as this is an issue, that based on the Supreme Court decision, that the proceeding should have been terminated, and it could have been restarted again through re-papering. But even if you win on the stop-time ruling, even if we agreed with you on that, the immigration judge found that you could not establish the extreme hardship. And based on your brief, it doesn't seem that you're appealing that issue. So how can you prevail on that particular issue? I think you meant the Board of Communications and Appeals, rather than the immigration judge. And because that's where we did the motion, and I understand it's more than extreme hardship, but that's where we submitted. Yes, but if you lose on two issues, you have to win in the Court of Appeals on both. Winning on one doesn't help you. I've just searched your brief. The word hardship does not appear in it. It's just not there. Not even the word, let alone an argument based on it. What we believe that once, if this case is remanded back to the immigration judge, and that's where the fact-finding will be taking place. It's not going to be remanded if you just ignore a ground on which you've lost. Because to start with, as the Supreme Court has spoken... But that's a separate issue. I think you're going into the PREA and the stop-time ruling. That's a separate issue than the hardship issue. So even if you win on the stop-time ruling, how can you prevail given the finding on extreme hardship, which you have not appealed? We believe that if this case is terminated, which it should be, then the immigration court would be doing the fact-finding about our application. We submitted the application, we submitted documents, and we think that we established the prima facie eligibility in this case. And as we have... I was telling that as Supreme Court has said with the plain language that this notice to appear, that is the charging document, that should be found to be defective. And as a result, this case should be terminated. If the government wants, they can re-paper and start the case again. And we should be given the opportunity to submit, which we have submitted to the Board of Immigration Appeals, the application for cancellation of removal. All right. Thank you, Mr. Rahman. Thank you. Mr. Robbins. May it please the court. I'm Jonathan Robbins, here on behalf of William Barr, the Attorney General. Good morning to all of you. As Your Honors have just alluded to, Petitioner has waived a dispositive finding of the Board by failing to raise the issue in his opening brief. Specifically, Petitioner does not challenge the Board's finding that she failed to establish a prima facie case of exceptional and extremely unusual hardship, which is required to prevail on an application for cancellation of removal. In fact, not only does Petitioner not raise the issue, Petitioner is relatively clear in her brief that she is only raising one issue, and that she has put all her eggs in the Pereira basket. As Your Honors have noted, that isn't sufficient to help Petitioner, because even if she were to prevail on the Mendoza-Hernandez issue, she still wouldn't be able to prevail in the petition for review without being able to show that hardship prong of the cancellation application. So, we believe that the case can be resolved on that basis alone. As we've also pointed out in our brief, even if the issue were somehow not waived, there wouldn't be any jurisdiction to review that issue anyway. As we've pointed out, this Court's decision in Calma against Holder, as well as other unpublished decisions by this Court, really explain that the discretionary determination, or excuse me, that the discretionary bar at section 1252A2B is applicable to holdings like the one by the Board in this case, because the Board's decision, although it was procedural in nature, is inextricably intertwined with the finding that Petitioner wouldn't be able to prevail on the merits of the discretionary determination that is the exceptional, extremely unusual hardship prong of cancellation. So, it's waived, there's no jurisdiction, and therefore this Court isn't really an appropriate vehicle to address the more interesting legal questions that are raised by the Mendoza-Hernandez case and the developing circuit split that has arisen with respect to those issues. So, unless there are any other further questions by the Court, that is the Government's position, and I would thank you very much for your time. Thank you, Mr. Robbins. Thank you. Anything further, Mr. Robbins? Okay, thank you very much. The case is taken under advisement.